IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ISREAL HUDGINS, #1649033 | § | |
| v. | § | CIVIL ACTION NO. 6:17cv540 |
| JEFFREY CATOE, ET AL. | § | |

<u>MEMORANDUM OPINION ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND GRANTING LEAVE TO AMEND</u>

Plaintiff Isreal Hudgins, an inmate of the Texas Department of Criminal Justice proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) as well as the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

Hudgins maintained that Defendants' are improperly keeping him on administrative segregation even though his disciplinary infraction was overturned. Specifically, Hudgins's original complaint and attachments show that that he was charged with possession of a weapon while housed at the Beto Unit, of which he was later found guilty in February 2017. Hudgins was then transferred to the Coffield Unit and placed in administrative segregation; however, in March 2017, his disciplinary case was overturned. Hudgins claimed that he remains in administrative segregation despite the reversal. He sought $100 for each day he has spent in administrative segregation, as well as $10,000 for emotional and mental stress.

After a review of Hudgins's complaint, the Magistrate Judge issued a Report, (Dkt. # 17), recommending that his complaint be dismissed as frivolous and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A. Specifically, the Magistrate Judge found that placement in administrative segregation, without more, does not constitute a deprivation of a constitutionally protected liberty interest. Hudgins has filed timely objections to the Report, (Dkt. #20).

## II. Hudgins's Objections

Hudgins seeks to amend his complaint because he can cure the complaint's deficiencies by demonstrating that his placement in administrative segregation constitutes "atypical hardships required for a cognizable claim." He notes that in administrative segregation he has "been subject to the denial of access to medical care" because placement in administrative segregation at the Coffield Unit makes it "near to impossible" to receive medical care. Hudgins argues that he and the other offenders placed in administrative segregation are denied access to medical. He insists that if he is removed from administrative segregation and placed in "population" he would not be denied medical care.

## III. Discussion and Analysis

Under 28 U.S.C. section 1915A, district courts—as soon as practicable—must review complaints wherein prisoners seek redress from governmental entities or their employees. Upon such review, the court shall identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. The term "frivolous" means that a complaint lacks an arguable basis in law or fact; a complaint is legally frivolous when it is based upon an indisputable meritless legal theory. *Neitzke v. Williams*, 490

2

U.S. 319, 325-27 (1989). A complaint fails to state a claim upon which relief can be granted when it does not contain sufficient factual matters, accepted as true, to state a claim to relief which is plausible on its face. *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013).

It is well-settled that section 1983 is an appropriate vehicle to challenge purported unconstitutional parole procedures or conditions of confinement. *See Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). Additionally, to obtain civil rights relief, Hudgins must allege and demonstrate that he has been deprived of some right secured to him by the United States Constitution or the laws of the United States; in other words, Hudgins must allege that his placement in administrative segregation—a condition of confinement typical in prison life—deprives him of a constitutional right. *See Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995); *Hilliard v. Bd. Of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985).

The Supreme Court has held that a prisoner's liberty interest is "generally limited to freedom of restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472 (1995). The Court further elaborated that the prisoner's disciplinary placement in solitary confinement did not present the atypical, significant deprivation that would give rise to a due process violation. *Id*. at 486.

In the wake of *Sandin*, federal courts have repeatedly found that placement in administrative segregation, without more, **does not** constitute a deprivation of a constitutionally cognizable liberty interest. *See, e.g., Bonner v. Alford*, 594 Fed.App'x 266, 267 (5th Cir. 2015) (Mem.); *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996); *Luken v. Scott*, 71 F.3d 192, 193

(5th Cir. 1995) ("*Sandin* establishes that Luken's administrative segregation, without more, does not constitute a deprivation of a constitutionally protected liberty interest."); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995) (holding that no liberty interest is implicated by placement in administrative segregation); *Al-Amin v. Donald*, 165 Fed.App'x 733, 738 (11th Cir. 2006) ("Confinement in administrative segregation, under conditions substantially similar to those experienced by the general population of the prison, does not implicate liberty interests...") (emphasis supplied).

Here, the Magistrate Judge correctly determined that Hudgins's claim concerning placement in administrative segregation is frivolous because it rests upon an indisputably meritless legal theory. Placement in administrative segregation, without more, is not a protected liberty interest. While he insists that his placement in administrative segregation presents "atypical hardships," he failed to provide specifics. *See Sandin*, 515 U.S. at 484; *see also Dickerson v. Cain*, 241 F. App'x 193, 2007 WL 2033280 at *1 (5th Cir. 2007) ("Dickerson has not shown that his placement in Camp J extended lockdown presented an atypical or significant hardship beyond the ordinary incidents of prison life."). Hudgins does not object to the substance of the Report.

A review of the docket shows that Hudgins filed an amended complaint after he submitted objections to the Report, (Dkt. #23). A Plaintiff has the ability to amend his case once as a matter of course. *See* Fed. R. Civ. P. 15(a)(1). The amended complaint drops the claims concerning placement in administrative segregation and adds claims alleging deliberate indifference to his medical needs. Because Plaintiff has not objected to the substance of the Magistrate Judge's Report, he is barred from *de novo* review of those particular claims addressed in the Report. *See Douglass v. United Services Auto. Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has determined that the Report of the Magistrate Judge is correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243 (1989) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law."). Accordingly, it is

**ORDERED** that the Report of the Magistrate Judge, (Dkt. # 17), is **ADOPTED** as the opinion of the District Court insofar as it recommends dismissal of Plaintiff's claims concerning the constitutionality of placement in administrative segregation. The dismissal of these claims shall have **no effect** upon those claims concerning deliberate indifference raised in Plaintiff's amended complaint, (Dkt. #23), claims that shall proceed. Further, it is

**ORDERED** that Plaintiff's claims concerning the constitutionality of his placement in administrative segregation are **DISMISSED** with prejudice. Finally, it is

**ORDERED** that Plaintiff's motion for leave to amend his complaint, (Dkt. ## 11, 22), is **GRANTED**. Plaintiff's amended complaint, (Dkt. #23)—concerning the purported deliberative indifference to his serious medical needs—is now the operative pleading in this case.

So **ORDERED** and **SIGNED** this **14** day of **July, 2018.**

_____
Ron Clark, United States District Judge