IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ISREAL HUDGINS, #1649033, § | |
|     *Plaintiff,* § | |
| § | |
| v. § | Civil Action No. 6:17-CV-00540 |
| § | |
| JEFFREY CATOE, ET AL., § | |
| § | |
|     *Defendants.* § | |

# DEFENDANTS DINGAS, PACE, AND TAVE'S MOTION TO DISMISS

Defendants Gregory E. Dingas, Pamela Pace, and Santanna Denise Tave, through the Office of the Attorney General of Texas, file this motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) in response to the Court's September 17, 2018 Order to Answer and Scheduling Order. ECF No. 31. Plaintiff Isreal Hudgins fails to state a viable claim for a constitutional violation. Furthermore, to the extent Plaintiff seeks monetary damages against Defendants in their official capacities, his claims are barred by the Eleventh Amendment. Therefore, the claims against Defendants should be dismissed pursuant to Rules 12(b)(1) and 12(b)(6). In support of this motion, Defendants respectfully offer the following:

## I.    STATEMENT OF THE CASE

Plaintiff Isreal Hudgins is an offender confined to the custody of the Texas Department of Criminal Justice ("TDCJ"). Plaintiff proceeds *pro se* and *in forma pauperis* and brings this action pursuant to 42 U.S.C. § 1983.[1] In his amended complaint Plaintiff alleges deliberate indifference

---

[1] Although Plaintiff does not raise 42 U.S.C. § 1983, this is the only means by which Plaintiff could bring constitutional claims against Defendants.

to serious medical needs.[2] At all times relevant to his claims, Plaintiff was housed at the Coffield Unit in Tennessee Colony, Texas.

Defendants are all employed by The University of Texas Medical Branch ("UTMB"), a State of Texas agency that provides medical care to inmates at the Coffield Unit through Correctional Managed Care. Defendants were employed by UTMB at all the times relevant to this suit.

In Plaintiff's original complaint, he complains of placement in administrative segregation and maintained that Defendants were improperly keeping him on administrative segregation even though his disciplinary infraction was overturned. *See* ECF No. 1. The Court then dismissed Plaintiff's claims concerning the constitutionality of placement in administrative segregation with prejudice. *See* ECF No. 27 at 5. In his amended complaint, Plaintiff alleges violations of the Eighth Amendment's prohibition against cruel and unusual punishment. ECF No. 23. Plaintiff claims Defendants acted with deliberate indifference towards his serious medical needs by depriving him medical care while he was housed in administrative segregation and ignoring his sick call requests. ECF No. 23 at 6. He alleges that he was forced to self-injure himself by punching walls and metal doors. *Id*. On September 17, 2018, the Court ordered the Office of the Attorney General to answer on behalf of Defendants regarding the remaining deliberate indifference claim. *See* ECF No. 31 at 1.

All of Plaintiff's allegations fail to state a cause of action under 42 U.S.C.§ 1983 and all claims should be dismissed with prejudice. Additionally, Defendants are protected in their official capacities from suit by the Eleventh Amendment.

---

[2] Plaintiff also alleges other claims in his amended complaint, including due process violations and placement in administrative segregation. These claims are addressed and dismissed by the Court in the Court's Memorandum Opinion Adopting Report and Recommendation of the United States Magistrate Judge and Granting Leave to Amend. *See* ECF No. 27.

## II.    STATEMENT OF ISSUES

Pursuant to Local Rule CV-7(a)(1), Defendants submit the following issues for this Court to decide:

1. Can Plaintiff overcome Defendants' entitlement to Eleventh Amendment immunity?
2. Is Plaintiff entitled to injunctive relief?
3. Has Plaintiff alleged that Defendant violated a constitutional right to entitle him to relief under 42 USC § 1983?
4. Can Plaintiff overcome Defendants' entitlement to qualified immunity?

## III.    MOTION TO DISMISS PURSUANT TO RULE 12(b)(1)

### A. Plaintiff's claims for money damages against Defendants in their official capacities are barred by the Eleventh Amendment.

Plaintiff's claims for monetary damages against Defendants are barred by the Eleventh Amendment. Neither a state nor a state official sued in his official capacity for damages is a "person" for purposes of liability under § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989). Moreover, a suit for damages against a state official in his official capacity is not a suit against that individual but rather is a suit against the state. *Id*. The Eleventh Amendment to the United States Constitution bars such suits against a state unless the state has waived its immunity or Congress has abrogated immunity pursuant to its power under § 5 of the Fourteenth Amendment (in passing § 1983, Congress "had no intention to disturb the States' Eleventh Amendment immunity"). *Id*. Neither Congress nor the State of Texas has waived Eleventh Amendment immunity with regard to 42 U.S.C. § 1983. *Id*. Section 1983 provides a federal forum to remedy the violation of constitutional rights, but "it does not provide a federal forum for litigants who seek to remedy against a state for alleged deprivations of civil liberties." *Id*.

Because UTMB is a State of Texas agency and Defendants were employed by UTMB and acting in their official capacities at all times relevant to Plaintiff's complaint, Plaintiff's claims for monetary damages against Defendant are barred by the Eleventh Amendment. Therefore, the claims against Defendants in their official capacities must be dismissed for lack of jurisdiction.

### B. Plaintiff is not entitled to injunctive relief.

To the extent Plaintiff seeks injunctive relief, the court in *Ex Parte Young* sets forth a narrow exception to Eleventh Amendment immunity allowing prospective injunctive relief through official capacity actions. *Ex Parte Young*, 209 U.S. 123, 159-60 (1908). However, injunctive relief is "to be used sparingly, and only in a clear and plain case." *Rizzo v. Goode*, 423 U.S. 362, 378 (1976) (quoting *Irwin v. Dixion*, 50 U.S. 10, 13 (1850)). When a government agency is involved, a court must additionally observe the requirement that the government be granted the "widest latitude in the dispatch of its own internal affairs." *Id.* at 378-79 (citations omitted); *see also Lewis v. Casey*, 518 U.S. 343, 349 (1996) ("[I]t is not the role of courts, but that of the political branches, to shape the institutions of government in such fashion as to comply with the laws and the Constitution.").

An inmate's requests for injunctive relief must be viewed in conjunction with the requirements of the Prison Litigation Reform Act ("PLRA"). Under PLRA, the court must find that the prospective relief is "narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right" before granting injunctive relief. 18 U.S.C. § 3626(a). Although PLRA significantly affects the type of prospective injunctive relief that may be awarded, it has not substantially changed the threshold findings and standards required to justify an injunction.

A party seeking an injunction must establish the following elements: 1) there is a

substantial likelihood the party will prevail on the merits; 2) a substantial threat exists that irreparable harm will result if the injunction is not granted; 3) the threatened injury outweighs the threatened harm to the defendants; and 4) the granting of the preliminary injunction will not disserve the public interest. *Sugarbusters v. Brennan*, 177 F.3d 258, 265 (5th Cir. 1999); *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991); *Canal Authority of the State of Florida v. Calloway*, 489 F.2d 567, 572 (5th Cir. 1974). Relief should be granted only if the party seeking relief has clearly carried the burden of persuasion as to all four elements. *Black Fire Fighters Association v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990); *Mississippi Power & Light v. United Gas Pipe Line*, 760 F.2d 618, 621 (5th Cir. 1985).

Plaintiff seeks a permanent injunction ordering adequate medical treatment. *See* ECF No. 23 at 5. Plaintiff does not explain how his request for injunctive relief would meet the requirements under PLRA. Plaintiff fails to demonstrate how an injunction would correct a violation of a federal right. Consequently, Plaintiff has failed to show that he is entitled to injunctive relief in light of *Ex Parte Young*. Because Plaintiff failed to satisfy the standards required to justify an injunction, his request for injunctive relief should be dismissed.

### IV. MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

#### A. Standard of dismissal under Rule 12(b)(6).

A party is entitled to dismissal under Federal Rule of Civil Procedure 12(b)(6) when an opposing party fails to state a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152-53 (5th Cir. 2010). "[F]acial plausibility" exists "when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. 662 at 678 (citing *Twombly*, 550 U.S. at 556). Thus, while the complaint need not contain "detailed factual allegations," it must go beyond mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 679.

### B. Plaintiff failed to allege a constitutional violation against Defendants under 42 U.S.C. § 1983.

Plaintiff's allegations, if taken as true, do not rise to the level of a constitutional violation. It is well-established that no recovery may be had under 42 U.S.C. § 1983 absent proof of deprivation of a right secured by the U.S. Constitution or laws of the United States. *Baker v. McCollan,* 443 U.S. 137, 140 (1979); *Thorne v. Jones,* 765 F.2d 1270, 1272 (5th Cir. 1985). "To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Fairley v. Louisiana*, 254 Fed. Appx. 275, 275 (5th Cir. 2007) (quoting *Piotrowski v. City of Houston*, 51 F.3d 512, 515 (5th Cir. 1995)). Thus, the first inquiry in any suit brought under § 1983 is whether the plaintiff has been deprived of a federally secured right. *Baker,* 443 U.S. at 140.

### C. Plaintiff has not alleged a claim for supervisory liability against Defendant Pace

Supervisory officials cannot be held vicariously liable in a 42 U.S.C. § 1983 claim solely on the basis of their employer-employee relationship. *Monell v. Dept. of Social Services*, 436 U.S. 658, 693 (1978); *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). A plaintiff bringing a civil rights claim under 42 U.S.C. § 1983 must establish a causal connection between the alleged

6

constitutional deprivation and the defendant whom they would hold responsible. *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action."); *see Rizzo v. Goode*, 423 U.S. 362, 371-77 (1976) (affirmative link needed between injury and conduct of defendant). Additionally, a civil rights plaintiff cannot simply make generalized allegations or assert legal or constitutional conclusions to satisfy these requirements. *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992). To sustain a complaint, a plaintiff must state particular facts specifying the personal involvement of each defendant. *Fee v. Herndon*, 900 F.2d 804, 806 (5th Cir. 1990). These facts must create an affirmative link between the claimed injury and the defendant's conduct. *Rizzo*, 423 U.S. at 371-72, 377.

Plaintiff sues Defendant Pace based solely on her role as an administrative manager with UTMB. *See* ECF No. 23. Defendant Pace is merely the individual listed as answering I-60 sick call request and grievance complaints. *Id.* at 6. Plaintiff does not allege that Defendant Pace was personally responsible for his alleged deprivation of medical treatment, nor point to a specific policy she either created or implemented. Instead, he blames her as a figure-head who generally oversees UTMB operations and failed to develop a policy to protect his veteran benefits. None of these allegations, even if taken as fact, arises to the level of supervisor liability under § 1983. Additionally, it is important to note that in her role as Practice Manager, Defendant Pace does not create policies and is not involved in the medical care inmates receive.

**D. Plaintiff's claims do not rise to a violation of the Eighth Amendment.**

The Eighth Amendment expressly prohibits the infliction of "cruel and unusual punishments." U.S. Const. Amend. VIII. It not only proscribes excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

Plaintiff complains that Defendants were deliberately indifferent to his medical needs. This is a very high standard and Plaintiff has failed to state a claim under this standard.

A prison official may violate the Eighth Amendment's prohibition against cruel and unusual punishment if he acts with deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). The facts underlying a claim of deliberate indifference "must clearly evince the medical need in question and the alleged official dereliction." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

Unsuccessful medical treatment, negligence, neglect, and medical malpractice do not give rise to a § 1983 cause of action, and an inmate's disagreement with his medical treatment does not establish a constitutional violation. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Even if a lapse in professional judgment occurred, such a failure would amount to mere negligence or malpractice, not a constitutional violation. *Harris v. Hegman*, 198 F.3d 530, 535 (5th Cir. 1999) (citing *Medoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993)). Deliberate indifference, as it is used in the Eighth Amendment context, comprehends more than mere negligence but less than purposeful or knowing infliction of harm; it requires a showing of "subjective recklessness" as used in criminal law. *Farmer v. Brennan*, 511 U.S. 825, 839–40 (1994); *Hare v. City of Corinth*, 74 F.3d 633, 647–48 (5th Cir. 1996). To act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer,* 511 U.S. at 835.

The Fifth Circuit has stated that deliberate indifference is an extremely high standard to meet. *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). It cannot be inferred merely from a negligent or even grossly negligent response to a substantial risk of serious

8

harm. *Thompson v. Upshur County, TX*, 245 F.3d 447, 459 (5th Cir. 2001). The Fifth Circuit has also held that the basis of § 1983 liability must amount to an intentional choice, not merely an unintentionally negligent oversight. *Rhyne v. Henderson County*, 973 F.2d 386, 392 (5th Cir. 1992) (emphasis added). "[A]ctions and decisions by prison officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference." *Hernandez v. Tex. Dep't of Protective & Reg. Servs.*, 380 F.3d 872, 883 (5th Cir. 2004) (quoting *Alton v. Tex. A&M Univ.*, 168 F.3d 196, 201 (5th Cir. 1999)). Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).

Plaintiff fails to show how any of the defendants were deliberately indifferent to his medical needs.

Plaintiff alleges that he requested mental health treatment for hearing voices and suicidal thoughts and that Tave and Dingas ignored Plaintiff's request for treatment and denied him treatment, resulting in Plaintiff self-inflicting injuries on himself by punching walls and metal doors. *See* ECF No. 23 at 6. However, Plaintiff then admits that Tave and Dingas visited him at his cell to discuss medical needs, but that Plaintiff refused to speak to Defendants. *See* ECF No. 23 at 6. Plaintiff then complains that Defendants Tave and Dingas left his cell too quickly, not giving Plaintiff enough time to disclose his medical problems. *Id.* Plaintiff further alleges that he filed I-60 sick call requests and grievance requests informing of his mental health conditions, but that the complaints were unanswered. *Id.* Yet in the same paragraph of his amended complaint, Plaintiff admits that Defendant Pace answered his sick call and grievance requests. *Id.* Plaintiff then alleges that staff acted with deliberate indifference by not providing an escort to Plaintiff to medical. *Id.* at 7. He makes no allegations that the alleged delay in being seen caused any

substantial harm or that Defendants were the cause of the delay.

Plaintiff has not shown a denial of medical treatment giving rise to constitutional violations of deliberate indifference to serious medical needs. The facts, even if taken as true, show that Plaintiff disagreed with his treatment and show an unwillingness to cooperate with medical staff while they were attempting to assess Plaintiff at his cell. These facts do not rise to the level of a constitutional violation and should be dismissed with prejudice.

The Fifth Circuit has held that "a delay in treatment does not violate the Eighth Amendment unless the defendants were deliberately indifferent to a serious medical need *and* their indifference resulted in substantial harm." *McCoy v. Pace*, 493 Fed. Appx. 494, 495 (5th Cir. 2012) (citing *Mendoza v. Lynaugh*, 989 F.2d. 191, 195 (5th Cir. 1993). Plaintiff has failed to raise a claim that demonstrates that Defendants were deliberately indifferent to his serious medical needs, and he did not show that the self-inflicted harm that resulted was in any manner connected to the allegations raised against Defendants. On the contrary, Plaintiff's lack of cooperation with Tave and Dingas at the cell side visit prevented any medical assessment.

Plaintiff might disagree with the treatment he was provided, but disagreement regarding treatment does not necessarily constitute deliberate indifference. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Plaintiff's claims do not rise to medical deliberate indifference and do not give rise to a civil rights action or a constitutional violation.

These claims against Defendants should be dismissed because Plaintiff failed to state a constitutional violation.

### D. Defendants are entitled to qualified immunity.

To the extent that Defendants are sued in their individual capacity, they are entitled to qualified immunity. The doctrine of qualified immunity affords protection against individual

liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Essentially, immunity in this sense means immunity from suit, not just from liability. *Jackson v. City of Beaumont*, 958 F.2d 616 (5th Cir. 1992).

"Qualified immunity is designed to shield from civil liability all but the plainly incompetent or those who knowingly violate the law." *Brady v. Fort Bend County*, 58 F.3d 173, 174 (5th Cir. 1995). To determine whether a defendant is entitled to qualified immunity, the court engages in a two-step inquiry. The court must first ascertain whether the plaintiff has sufficiently asserted the violation of a constitutional right. *Siegert v. Gilley*, 500 U.S. 226, 111 S. Ct. 1789, 1793 (1991); *see also Brewer v. Wilkinson*, 3 F.3d. 816, 820 (5th Cir. 1993), cert. denied, 510 U.S. 1123 (1994); *Correa v. Fischer*, 982 F.2d 931, 933 (5th Cir. 1993); *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992). If the plaintiff has asserted the violation of a constitutional right, the court must then determine whether that right had been clearly established so that a reasonable official in the defendant's situation would have understood that his conduct violated that right. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Even where a prison official's conduct violated a clearly established constitutional right, the prison official is still entitled to qualified immunity if his conduct was objectively reasonable under the circumstances presented in the case. *Zarnow v. City of Wichita Falls*, 500 F.3d 401, 408 (5th Cir. 2007); *Jones v. Collins*, 132 F.3d 1048, 1052 (5th Cir. 1998).

As explained above, Plaintiff does not allege a violation of any clearly established constitutional rights against Defendants because Plaintiff fails to allege facts that support a violation of the Eighth Amendment. There is no need to analyze the second prong of qualified immunity, because the lack of a constitutional violation alone entitles Defendants to dismissal of

Plaintiff's claims based upon his qualified immunity. If the Court chooses to analyze the second prong, Defendants still retain their qualified immunity because all of Plaintiff's allegations show that Defendants' actions were objectively reasonable.

Given that Plaintiff was uncooperative when Defendants Tave and Dingas attempted to assist at a cell side visit and would not respond to questions, it was reasonable under the circumstances for Tave and Dingas to discontinue treatment.

Defendants, therefore, are entitled to qualified immunity and all claims against them should be dismissed.

## V.  CONCLUSION

Defendants Gregory E. Dingas, Pamela Pace, and Santanna Denise Tave request that Plaintiff's claims against them be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. Should the Court decline to grant this motion, Defendants respectfully reserve the right to deny allegations against them and reassert their defenses in an answer or motion for summary judgement.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**BRANTLEY STARR**
Deputy First Assistant Attorney General

**JAMES E. DAVIS**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Assistant Attorney General
Chief, Law Enforcement Defense Division

*/s/ Alisha J. Jackson*
**ALISHA J. JACKSON**
Assistant Attorney General
State Bar No. 24086542
Law Enforcement Defense Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 (Phone No.)
(512) 370-9369 (Fax No.)

**ATTORNEYS FOR DEFENDANTS**
**DINGAS, PACE, AND TAVE**

## NOTICE OF ELECTRONIC FILING

I, **Alisha Jackson**, Assistant General of Texas, certify that I have electronically submitted for filing a true copy of the foregoing **Defendants Dingas, Pace, and Tave's Motion to Dismiss** in accordance with the Electronic Case Files System of the Eastern District of Texas on **October 17, 2018**.

*/s/ Alisha J. Jackson*
**ALISHA J. JACKSON**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **Alisha Jackson**, Assistant Attorney General of Texas, certify that a true and correct copy of the above and foregoing **Defendant Dingas, Pace, and Tave's Motion to Dismiss** was served by United States postal service, on **October 17, 2018**.

**Isreal Hudgins**
TDCJ # 1649033
Coffield Unit
2661 FM 2054
Tennessee Colony, TX 75884
*Plaintiff, pro se*

*/s/ Alisha J. Jackson*
**ALISHA J. JACKSON**
Assistant Attorney General

13